IN THE UNITED STATES DISTRICT COURT OF THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD J. PANNELL  Plaintiff, v. FRIENDSHIP RIDGE NURSING HOME  Defendant. | Civil Action No.  JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Howard J. Pannell, by and through his Attorneys, Joshua M. Bloom & Associates, P.C. and Tiffany R. Waskowicz, Esquire, files this Civil Complaint and in support alleges the following:

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5; the Age Discrimination in Employment Act, 29 U.S.C. § 626(c)(1); 28 U.S.C. §§ 1331 and 1343(a)(4).

### II. PARTIES

2. Plaintiff, Howard J. Pannell ("Pannell"), is an adult individual who resides at 110 Silo Court, Oakdale PA 15071.

3. Mr. Pannell had been employed by Friendship Ridge Nursing Home ("Defendant") from on or about June 9, 2014 until Defendant, Friendship Ridge Nursing Home ("Defendant"), fired him on February 27, 2015. The last position Mr. Pannell held with Defendant was Director of Nursing.

4. Defendant conducts business within the Western District of Pennsylvania

at 246 Friendship Circle, Beaver, PA  15009. At all times relevant, Defendant was Mr. Pannell's employer.

5.    At all times relevant, Defendant acted or failed to act by and through its duly authorized agents, servants and employees, who conducted themselves within the scope and course of their employment.

### III.  FACTUAL BACKGROUND

6.    Mr. Pannell worked for Defendant from on or about June 9, 2014 until Defendant fired him on February 27, 2015. The last position Mr. Pannell held with Defendant was Director of Nursing.

7.    Mr. Pannell is fifty-nine (59) years old, and he is Christian.

8.    In or around October 2014, Defendant informed Mr. Pannell that it was promoting him to the Administrator position.

9.    On or about November 20, 2014, Defendant informed Mr. Pannell that it was no longer promoting him to the Administrator position.

10.   Thereafter, in or around December 2014, Defendant hired an Administrator, who, upon information and belief, was thirty-three (33) years old, at the relevant time, and who, upon information and belief is Jewish. Upon Defendant hiring Mr. Zlotolow, he was Mr. Pannell's immediate supervisor.

11.   In or around December 2014, during the first staff meeting with the newly hired Administrator, Mr. Zlotolow, Mr. Zlotolow referenced his own age, 33, and compared his own age to several of the employees' ages in the staff meeting, stating something to the effect of: Many of you are about 57 or 58.

12.   Thereafter, Mr. Zlotolow made repeated comments about Mr. Pannell's


Case 2:16-cv-00151-MPK   Document 1   Filed 02/09/16   Page 3 of 6

age, including, but not limited to, referring to his age and asking Mr. Pannell if he had grandchildren; "betting" that Mr. Pannell was "about 57;" and referring to Mr. Pannell as an "old fart."

13. On or about January 14, 2015, Mr. Zlotolow stated something to Mr. Pannell to the effect of: I bet it just kicks you in the nuts that I am in this position at 33 years of age and you're not.

14. On or about February 10, 2015, Mr. Pannell was listening to a radio station called "Rejoice" on his computer. Mr. Zlotolow erroneously asked Mr. Pannell what "Revise" was. Mr. Pannell informed Mr. Zlotolow that the radio station was actually called, "Rejoice," and that it was a Christian radio station. Thereafter, Mr. Zlotolow stated something to the effect of: You and your damn religion.

15. On or about February 27, 2015, Mr. Zlotolow fired Mr. Pannell. More specifically, Mr. Zlotolow stated something to the effect of: This isn't working between you and I, so I am letting you go today.

16. Upon information and belief, Defendant replaced Mr. Pannell with an individual who was sufficiently younger than Mr. Pannell, i.e., an individual in or around her twenties.

## COUNT I
### Age Discrimination

17. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 16 as if fully restated herein.

18. Defendant fired Mr. Pannell because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

19. Defendant's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

42 U.S.C. §2000e-2(a)(2) and 42 U.S.C. § 2000e(k).

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the ADEA;

b. That Defendant be ordered to reinstate Mr. Pannell and provide him with accumulated seniority, fringe benefits, and all other rights;

c. That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

d. That the Court and/or jury enter a verdict for Plaintiff and find that Defendant violated Plaintiff's rights to be free from age discrimination under the ADEA;

e. That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of the adverse action in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

f. That the Court award Plaintiff compensatory and punitive damages as a result of Defendant's violations of the ADEA;

g. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates the ADEA;

h. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i. That the Court grant Plaintiff additional relief as may be just and proper.

## COUNT II
### Title VII
### Religious Discrimination

20. Plaintiff incorporates by reference the allegations in Paragraphs 1 - 19 as if fully restated herein.

21. Defendant fired Mr. Pannell because of his religion in violation of Title VII

of the Civil Rights Act, 42 U.S.C. §2000-e-2(a)(1).

22.     As a direct result of Defendant's violation of Title VII, Mr. Pannell has lost wages and other economic benefits of his employment with Defendant, in addition to suffering extreme emotional distress, depression, inconvenience, and humiliation.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a.  That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII of the Civil Rights Act;

b.  That Defendant be ordered to reinstate Mr. Pannell and provide him with accumulated seniority, fringe benefits, and all other rights;

c.  That Defendant be required to provide Plaintiff with front pay in the event reinstatement is not feasible;

d.  That the Court and/or jury enter a verdict for Plaintiff and find that Defendant violated Plaintiff's rights to be free from age discrimination per Title VII of the Civil Rights Act;

e.  That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of the discrimination in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

f.  That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII of the Civil Rights Act;

g.  That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII of the Civil Rights Act;

h.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.  That the Court grant Plaintiff additional relief as may be just and proper.

Date: <u>February 9, 2016</u>                    Respectfully submitted,

**Joshua M. Bloom & Associates, P.C.**

/s/ _____
Tiffany R. Waskowicz (202933)

310 Grant Street  
Suite 3204  
Pittsburgh, PA 15219  
(412)-288-6000  
Attorney for Plaintiff